09-3098-ag
Volaj v. Holder

BIA
Abrams, IJ
A099 602 197
A099 602 198

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of July, two thousand ten.

PRESENT:

>      GUIDO CALABRESI,
>      ROBERT A. KATZMANN,
>      PETER W. HALL,
>           *Circuit Judges.*

_____

HANE VOLAJ, ARTAN VOLAJ,
          *Petitioners,*

     v.                                         09-3098-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONERS:        Linda L. Foster, Fresh Meadows, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Ernesto H. Molina, Jr.,
                        Assistant Director; Dana M.
                        Camilleri, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Hane Volaj and her son, Artan Volaj,[1] natives and citizens of Albania, seek review of a June 22, 2009, order of the BIA affirming the September 20, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hane Volaj, Artan Volaj*, Nos. A097 602 197/198 (B.I.A. June 22, 2009), *aff'g* Nos. A097 602 197/198 (Immig. Ct. N.Y. City Sept. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review

---

[1] Artan Volaj was a derivative beneficiary of his mother Hane Volaj's asylum application. Thus, this summary order will refer to the lead Petitioner, Hane Volaj, throughout.

2

are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also*
*Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d
Cir. 2007).

Volaj argues that the BIA misapplied our holding in
*Yeuqing Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir.
2005) in finding that her husband's whistle-blowing
activities did not constitute an expression of political
opinion for purposes of qualifying as a refugee under
8 U.S.C. § 1101(a)(42). In *Yeuqing Zhang*, we held that,
"[w]here the dispute is such that the asylum seeker did not
merely seek economic advantage but mounted a challenge to
the legitimacy and authority of the ruling regime itself,
and where the applicant can show that this 'political
threat' is the motive for the persecution perpetrated or
feared, the applicant can meet the definition of a
'refugee.'" 436 F.2d at 547. As Volaj correctly points out,
the 2006 State Department Country Report on Albania
indicates that government corruption is a widespread,
systematic problem that is rampant in Albania. Given the
standard under *Yeuqing Zhang*, and the evidence of widespread
corruption, she persuasively argues that her husband's
letter to the Prime Minister challenging "the policies and
practices of the Kelmend communal government from 1991

3

through 1999," was "an inherently political act." Indeed, Volaj's husband's letter included accusations of misappropriation of government aid money, election tampering, awarding government jobs to unqualified individuals, permitting the commune's phone and bus system to fall into disrepair, and demanding bribes from patients before treating them at the local hospital. These complaints were directed generally at the communal government and, in addition, specifically mentioned the head of the commune, Rush Dragu. Thus, contrary to the agency's conclusion, Volaj's husband's letter challenged both the governing institution-the commune of Kelmend-and Rush Dragu individually. Consequently, the letter could be considered inherently political. *See Yueqing Zhang*, 426 F.3d at 547-48.

The BIA's only support for its assertion that, under the standard in *Yeuqing Zhang*, Volaj's husband's letter was not politically motivated is that it "did not mention political parties." However, under *Yeuqing Zhang*, the failure to mention political parties is not dispositive of whether a statement is inherently political. *See Yueqing Zhang*, 426 F.3d at 547-48; *see also Rodas Castro v. Holder*,

4

597 F.3d 93, 102 (2d Cir. 2010) (finding that the applicant presented substantial evidence supporting his contention "that his reporting of official corruption was inherently political" given the overall context of corruption in Guatemala at that time, including the rise to power of a regime that revived many of the corrupt aspects of an earlier era). Therefore, remand is required for the agency to consider more fully whether the letter Volaj's husband wrote criticizing the government corruption in the commune constituted a political act and whether Volaj was persecuted as a result. *See Gonzales v. Thomas*, 547 U.S. 183, 186-87 (2006).

Finally, Volaj does not challenge the agency's denial of her CAT claim before this Court and has therefore waived any such challenge. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is GRANTED and the case REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5